# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICAH SINNWELL,<br><br>    Defendant. | No. 18-cr-3034-LTS<br><br>**ORDER** |

This matter is before the court on the Report on Defendant Under Pretrial Supervision (Doc. 13). On August 16, 2019, I conducted a hearing on the motion, at which Patrick Reinert appeared on behalf of the United States (the Government) and Defendant Micah Sinnwell appeared in person and with counsel, Sam Cross. Defendant acknowledged he has violated the conditions of release as alleged in the petition. Both parties made arguments about whether the prior order of pretrial release (Doc. 12) should be revoked and Defendant detained pending trial.

A defendant who violates a condition of pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). The Court must enter an order of revocation and detention if the Court finds, by clear and convincing evidence, that the Defendant violated a condition of release and that there are no conditions or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community, or that Defendant is unlikely to abide by conditions of release. 18 U.S.C. § 3148(b)(1)(B).

THE COURT FINDS, based on Defendant's admissions, that there is clear and convincing evidence to believe he violated the following conditions of pretrial release: (1) failure to report to United States Probation; (2) use and/or possession of a controlled

substance; (3) failure to participate in substance abuse treatment/evaluation/testing; and (4) failure to notify United States Probation of a change of address.

THE COURT FURTHER FINDS by clear and convincing evidence, that Defendant is unlikely to abide by any condition or combination of conditions of release and that no such conditions will assure Defendant's appearance or the safety of the community. In making this finding, I have considered the factors set forth in 18 U.S.C. § 3142(g). This includes the nature and circumstances of the charged offenses. Defendant is charged with four counts of distributing a controlled substance. These charges raise a rebuttable presumption that Defendant should be detained. *See* 18 U.S.C. § 3142(e)(3). I have also considered the weight of the evidence, although I give this factor the least weight. I also considered Defendant's history and characteristics. Defendant has family ties in Iowa, but no record of gainful employment. Defendant's history of substance abuse, however, weighs in favor of detention. Defendant's failure to comply with conditions of release, and in particular the nature of those violations, weigh heavily in favor of detention.

At the hearing the undersigned incorrectly stated that Defendant bears the burden of proof. The Court has considered the evidence in light of the applicable presumption and concludes Defendant has not rebutted the presumption in favor of detention and, in any event, the Government has met its burden to show the risk of nonappearance and danger to the community.

THE COURT ORDERS the Defendant's pretrial release revoked. The order setting conditions of release (Doc. 12) is rescinded and Defendant is ordered detained pending trial.

Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in

custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

If either party seeks further review or appeals this order, the party requesting a change in the original must: (1) attach a copy of this order to the appeal; and (2) promptly secure a transcript.

**IT IS SO ORDERED**.

**DATED** this 16th day of August, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa